UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| L.C. McPHERSON, | |
| Plaintiff, | Civil Action No. 0:010-00108-HRW |
| v. | |
| GARY BECKSTROM, *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Plaintiff L.C. McPherson, confined in the Eastern Kentucky Correction Complex ("EKCC"), West Liberty, Kentucky, has filed this *pro se* civil rights Complaint, alleging the defendants violated his constitutional rights.[1] He seeks damages and an emergency protective order directing the Warden of the EKCC to transfer him to another prison. The Court will address the motion seeking an emergency transfer by separate Order.

McPherson has paid the $350.00 filing fee and the Court now screens the

---

[1] McPherson asserts claims against following defendants in both their individual and official capacities: (1) Gary Beckstrom, Warden of the EKCC; (2) Keith Helton, Captain of Internal Affairs, EKCC; (3) Amy Long, Psychologist, EKCC; (4) Chris Bradley, Correctional Officer, EKCC; and (5) LaDonna Thompson, Commissioner, Kentucky Justice and Public Safety Cabinet ("JPSC").

Complaint.[2] 28 U.S.C. §§ 1915A and 1915(e). The Court will dismiss McPherson's constitutional claims against four of the five named defendants; order one defendant to respond to the Complaint; and deny his motion for appointment of counsel. The Court will address McPherson's motion seeking an emergency protective order [D. E. 4] by separate Order.

## CLAIMS AND RELIEF REQUESTED

McPherson alleges that an EKCC Correctional Officer falsely told other inmates that he was a "rat," or an informant, resulting in another inmate physically attacking him. McPherson's claim falls under the Eighth Amendment of the United States Constitution which prohibits cruel and unusual punishment. McPherson alleges the other EKCC defendants failed to properly address Bradley's alleged wrongdoing, thus violating his right to due process of law guaranteed by the Fourteenth Amendment of the United States Constitution; that the defendants violated his Eighth Amendment rights by refusing to transfer him to another prison; and that he has suffered severe emotional distress as a result of the defendants' actions.

---

[2] *Pro se* complaints are held to less stringent standards than those drafted by attorneys. *See Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir. 2008). Moreover, at the screening phase, federal courts must take as true the allegations in a *pro se* complaint and construe those allegations in the plaintiff's favor. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). A district court must dismiss an action at any time if it determines that it is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2).

2

McPherson seeks over $250,000.00 in compensatory and punitive damages from each defendant; transfer from the EKCC; the appointment of counsel, and the implementation of policies to prevent similar misconduct in the future.

## ALLEGATIONS OF THE COMPLAINT

McPherson alleges that in May of 2010, Defendant Chris Bradley directed him to find certain contraband, *i.e.*, a knife, cell phone and drugs, "so that it would look good when he [Bradley] went before the Sgt. Promotion Board." [D. E. 2, p. 3]. McPherson claims that when he refused to comply with Bradley's demands, Bradley threatened to "get him and his celly." [*Id.*]. McPherson states that in retaliation, Bradley falsely told other EKCC inmates that he (McPherson) was a "rat," or police informant, and that as a direct result another inmate physically assaulted him, causing him bodily injuries. McPherson alleges that when he notified Sargent Banks and Lt. Elam and others of Bradley's threats, they told him they would address the issue [*Id.*; *see also* D. E. 2-1, p. 4].

McPherson was briefly transferred to the Northpoint Training Center ("NTC") in Burgin, Kentucky. He states that on June 30, 2010, while confined at the NTC, Defendant "U.A. II" C. Hughes prepared an "Information Report" containing his allegations against Bradley. [*Id.*, p. 2]; *see also* Information Report [D. E. 2-3, p. 1]. On July 15, 2010, McPherson was transferred back to the EKCC. He alleges that

3

Bradley again demanded that he fabricate contraband and when that he refused, Bradley again threatened to retaliate against him. McPherson also claims that he notified Sargent Banks, Lt. Elam, Amy Long, Keith Helton of Internal Affairs, and others about Bradley's improper demands. McPherson alleges that on July 29, 2010, another inmate assaulted him because Bradley told him and other inmates that he (McPherson) was a rat. [D. E. 2-1, p. 3].

On August 4, 2010, McPherson wrote to Commissioner Thompson, alleging that another inmate had assaulted him because of Bradley's false statements. [D. E. 2-3, pp. 9-13]. On August 10, 2010, James L. Erwin, JPSC Director of Operations/Programs, informed McPherson that he had forwarded his letter to Warden Beckstrom for response, noting that on July 15, 2010, he (McPherson) had been offered protective custody but had declined it. Erwin also informed McPherson that if he were concerned about his safety, he could request protective custody at any time. [*Id.*, p. 8].

On August 16, 2010, Keith Helton, Internal Affairs Captain, informed McPherson that the EKCC staff had been unable to verify his claims, but that McPherson could request protective custody upon completion of his disciplinary segregation time. [*Id.*, p. 12]. On September 21, 2010, Commissioner Thompson rejected McPherson's final administrative appeal, stating that after investigation,

4

there was no evidence to support his claims. [*Id.*, p. 4].

## DISCUSSION
### 1. Official- Capacity Claims Against All Defendants

The official-capacity claims against all named defendants will be dismissed because state officials sued for damages in their official capacities are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169(1985). A state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim. *Id.*; *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). McPherson's claims against all named defendants in their official capacities will be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Individual-Capacity Claims Against Defendants Beckstrom, Helton, Long, and Thompson

The Eighth Amendment claims against Defendants Beckstrom, Helton, Long, and Thompson in their individual capacities will be dismissed because they were not personally involved in the actions about which McPherson complains. A plaintiff must plead that each government official-defendant, through his or her own actions,

has violated Constitution. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009); *Nwaebo v. Hawk Sawyer*, 100 F. App'x 367, 369 (6th Cir. 2004); *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976). McPherson alleges that only *Bradley* retaliated against him by telling other inmates that he was a "rat," which false disclosure prompted an inmate to physically attack and injure him. McPherson does not allege that the other defendants either retaliated against him or incited inmates to attack him.

McPherson alleges that Beckstrom and Thompson denied his remedy requests and/or appeals during the administrative remedy process. However, there is no liability under § 1983 when a supervisor merely denies an administrative grievance. *Alder v. Correctional Medical Services*, 73 F. App'x 839, 841 (6th Cir. 2003); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

McPherson's other claim, that Beckstrom, Long, Helton, and Thompson failed to act or protect him from harm, also lacks merit because there is no *respondeat superior* liability where the plaintiff alleges only that the defendant merely failed to act or control employees. *Shorts v. Bartholomew*, 255 F. App'x 46, 53 (6th Cir. 2007); *Salephour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998); *Hays v. Jefferson*, 668 F.2d 869, 872 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). "Rather, the supervisors must have actively engaged in unconstitutional behavior." *Gregory v. Louisville*, 444 F.3d 725, 751 (6th Cir. 2006).

At a minimum a plaintiff must show that the official at least implicitly authorized, condoned, approved or knowingly acquiesced in the deprivation of the plaintiff's constitutional rights. *Hays*, 668 F.2d at 874; *Carter v. Wilkinson*, No. 2:05-CV-0380, 2009 WL 81217, at * 10 (S. D. Ohio, January 9, 2009). McPherson alleges only that Beckstrom, Helton, Long, and Thompson failed to act in response to his complaints about Bradley; he does not allege that they directly participated in, condoned, or encouraged Bradley's alleged unconstitutional conduct.

McPherson also fails to state a viable Fourteenth Amendment due process claim regarding the denial of his administrative grievances. Because there is no inherent constitutional right to an effective prison grievance procedure, neither Beckstrom nor Thompson were obligated to respond to McPherson's grievances in any certain manner. *Argue v. Hofmeyer*, 80 F. App'x. 427, 430 (6th Cir. 2003); *Overholt v. Unibase Data Entry, Inc.* 221 F.3d 1335, 2000 WL 799760, **3 (6th Cir. June 14, 2000) (Table); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

A claim must state sufficient factual matter which, if accepted as true, would allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Dismissal for failure to state a claim is warranted where the complaint pleads facts that are "merely consistent with" a defendant's liability. *Ashcroft*, 129 S.Ct. at 1949.

Even accepting as true McPherson's claims against Beckstrom, Helton, Long, and Thompson, he fails to state an Eighth Amendment claim upon which relief may be granted because he does not allege that they were personally involved in the alleged retaliatory actions. He fails to state a Fourteenth Amendment due process claim because he has no right to a different, better, or more effective grievance procedure. Consequently, his claims against these defendants will be dismissed, with prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. Individual Capacity Claims Against Defendant Chris Bradley

The Court will require Bradley, in his individual capacity, to respond to the Complaint because McPherson's Eighth and Fourteenth Amendment claims against him are not facially frivolous. The Eighth Amendment protects an inmate from prison officials' deliberate indifference to a substantial risk of serious harm to that inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

Courts have long held that prison officials who identify an inmate as a "snitch" to other inmates, with intent to provoke an assault or the fear of assault, demonstrate deliberate indifference to the inmate's safety and may be liable under the Eighth Amendment. *Farmer*, 511 U.S. at 833; *Comstock v. McCrary*, 273 F.3d 693, 699 n. 2 (6th Cir. 2001); *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001); *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992); *Catanzaro v.*

*Michigan Dept. of Corrections*, No. 1:08-CV-11173, 2009 WL 4250027 (E.D. Mich., November 19, 2009); *David v. Hill*, 401 F. Supp.2d 749, 756-57 (S.D. Tex. 2005).

McPherson claims that in retaliation for refusing to comply with Bradley's demand to fabricate contraband, Bradley falsely told other inmates that he was a "rat," and that as a direct result of those false statements, another inmate attacked and injured him. At the screening stage, the Court must accept as true a prisoner's claims. Assuming that McPherson's claims are true, he has alleged a colorable Eighth Amendment claim of deliberate indifference against Bradley. The Clerk will be directed to issue summons for Bradley in his individual capacity; the United States Marshal's Office will be directed to serve Bradley with the Complaint and summons; and Bradley will be required to respond to the Complaint.

### 4. Motion for Appointment of Counsel

The Court will deny McPherson's motion for the appointment of counsel, which in a civil case is not a constitutional right, but a privilege justified only by exceptional circumstances. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). In determining whether exceptional circumstances exist, courts examine the complexity of the factual and legal issues involved and whether fundamental unfairness, impinging on the right to due process, would result if the request for appointment of counsel is denied. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). The

district court has discretion to grant or deny the request. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992).

McPherson has demonstrated that he is able to articulate his claims, file the appropriate pleadings, and otherwise prosecute this action. His remaining Eighth and Fourteenth Amendment claims against Bradley are not sufficiently complex or involved to warrant the appointment of counsel. For these reasons, the Court will deny McPherson's motion seeking the appointment of counsel [D. E. 5].

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1). Plaintiff L.C. McPherson's Eighth and Fourteenth Amendment claims asserted against all Defendants, in their *official* capacities, are **DISMISSED WITH PREJUDICE**, and the Clerk of the Court is directed to note the dismissal of these claims as to all Defendants in the CM/ECF docket sheet;

(2). McPherson's Eighth and Fourteenth Amendment claims asserted against Defendants Gary Beckstrom, Keith Helton, Amy Long, and LaDonna Thompson, in their *individual* capacities, are **DISMISSED WITH PREJUDICE**, and the Clerk of the Court is shall note the dismissal of these claims in the CM/ECF docket sheet;

(3). McPherson's Eighth and Fourteenth Amendment claims against Defendant Chris Bradley, in his individual capacity, shall proceed, and the Clerk's Office shall

prepare the documents necessary for service of process upon Bradley;

(4). McPherson's Motion to Appoint Counsel, [D. E. 5], is **DENIED**;

(5). The Clerk's Office shall prepare as many copies of the complaint and this Order as there are summonses issued and complete the requisite number of USM Form(s) 285;

    (a). If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a clerk's entry in the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service;

    (b). The Clerk's Office shall forward to the Lexington U.S. Marshal's Service by certified mail the following documents: (i) the summonses issued; (ii) the requisite number of USM Forms 285; (iii) the requisite number of complaint copies; (iv) the requisite number of copies of this Order; and (v) any other documents necessary to effectuate service;

    (c) The Clerk's Office shall note in the record that the delivery to the U.S. Marshal's Service (of the complaint, summonses, USM Forms 285, and all other attachments referred to in the preceding paragraph) was effectuated, and the date upon which such delivery was effectuated;

    (d) The U.S. Marshal's Service shall serve a summons, complaint copy,

copy of this Order, Defendant Chris Bradley by either certified mail, return receipt requested, or by personal service;

(e) The U.S. Marshal's Service shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order. This report shall include a copy of the green card showing proof of service or a statement that a green card was not returned from the U.S. Postmaster, along with a track and confirm from the U.S. Postal Service showing that a proof of delivery does not exist;

(6). The Clerk is further directed to serve a copy of this Order on the Kentucky Department of Corrections, and to note the service in the docket sheet;

(7). McPherson shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case;

(8). For every further pleading or other document McPherson submits to the Court, he shall serve upon each defendant, or, if counsel for a defendants has entered an appearance, upon each attorney, a copy of his pleading or other document. McPherson shall send the original papers to be filed with the Clerk of the Court together with a certificate stating that he mailed a true and correct copy of the document to each defendant or counsel, and the date on which he mailed it; and

(9) **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the Court will disregard the document.**

This _3_ day of January, 2011.

                                          HENRY R. WILHOIT, JR.
                                          SENIOR U.S. DISTRICT JUDGE